Guang-Xiong v. Holder

BIA
Cheng, IJ
A087 532 002

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of August, two thousand fourteen.

PRESENT:
ROSEMARY S. POOLER,
BARRINGTON D. PARKER,
DEBRA ANN LIVINGSTON,
        *Circuit Judges.*

_____

WANG GUANG-XIONG,
        *Petitioner,*

        v.                                              13-2452

                                                        NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Gerald Karikari, New York, NY.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney General; Anthony C. Payne, Senior Litigation Counsel; Liza S. Murcia, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Wang Guang-Xiong, a native and citizen of China, seeks review of a May 28, 2013, decision of the BIA affirming an Immigration Judge's ("IJ") January 26, 2012, denial of asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Wang Guang-Xiong*, No. A087 532 002 (B.I.A. May 28, 2013), *aff'g* No. A087 532 002 (Immig. Ct. N.Y. City Jan. 26, 2012). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we have reviewed both the BIA's and IJ's decisions. *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006); *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (per curiam). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008) (per curiam).

For asylum applications, like Guang-Xiong's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding

2

on the applicant's demeanor and responsiveness, as well as inconsistencies in the applicant's statements and other record evidence without regard to whether they go "to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. Substantial evidence supports the agency's adverse credibility determination.

In making its adverse credibility determination, the agency cited several inconsistencies and incidents of problematic demeanor.  However, in his brief, Guang-Xiong argues only that the agency erred in its finding related to his testimony regarding his identification card.  Therefore, we limit our review to this single challenge to the adverse credibility determination. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005).

The record supports the agency's finding that Guang-Xiong's testimony regarding his identification card was inconsistent.  First, Guang-Xiong testified that he had personally retrieved the identification card in the record from a government office before a twelve-day detention that began on June 8, 2008.  However, when questioned how that was possible when the card was dated June 11, 2008--a date

3

when he was still in detention––Guang-Xiong testified that he had two identification cards. This explanation, however, did not rehabilitate his testimony. It did not explain how or why the card was issued while he was in detention or why he testified that he had personally retrieved a card dated June 11 from a government office prior to June 8. Consequently, the agency was not compelled to credit this explanation. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).

Given the IJ's finding regarding Guang-Xiong's problematic demeanor, and the inconsistencies in his testimony and evidence related both to the identification card, which calls his detention into question, and to his practice of Christianity, which casts doubt on any fear of future persecution, the agency's adverse credibility determination is supported by substantial evidence, and is dispositive of Guang-Xiong's claims for asylum, withholding of removal, and CAT relief. *See Xiu Xia Lin*, 534 F.3d at 167 (holding that the court defers to the agency's

4

"credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling"); *see also Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk